C O P Y                                            C O P Y



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN


Grover Sellers
Attorney General


Hon. Nolan Queen
Criminal District Attorney
Weatherford, Texas

Dear Sir:                              Opinion No. O-5528

                                       Re: Correct rate of pay for deputy
                                       tax assessors-collectors in Parker
                                       County; and a related question.

        We have your request for an opinion, which is as follows:

        "We are finding it impossible to employ Deputy
Tax Assessors to assess taxes for (12½¢) twelve and
one-half cents in the City and (15¢) fifteen cents
in the country as provided by a Statute.

        "In fact it is impossible for us to hire them
next year on that basis.

        "Do you think the Commissioners' Court of Parker
County has a right to raise the fees for assessing
taxes from 12½¢ in the city and 15¢ in the country to
a figure they would consider right and proper?  In
fact, we contemplate raising it to 15¢ in town and
20¢ in the country if it can be done.

        "If it cannot be done this way, could it be
taken care of out of the expense account of the Tax
Assessor's and Collector's office."

        In answer to your questions we advise as follows:
It is our understanding that according to the last preceding
Federal census, Parker County has a population of 20,482.

It is also our understanding that the assessed valuation of
Parker county, as shown by the 1942 tax rolls, was $11,536,960.
If we are correct as to the above set out population and assessed
valuation of Parker County, then Parker County comes under the
provisions of Art. 3902, V.A.C.S. of Texas, which provides:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his duties
he shall apply to the County Commissioners' Court of
his county for authority to appoint such deputies,
assistants or clerks, stating by sworn application
the number needed, the position to be filled and the
amount to be paid. Said application shall be accom-
panied by a statement showing the probable receipts
from fees, commissions and compensation to be collected
by said office during the fiscal year and the probable
disbursements which shall include all salaries and
expenses of said office; and said court shall make
its order authorizing the appointment of such deputies,
assistants and clerks and fix the compensation to be
paid them within the limitations herein prescribed
and determine the number to be appointed as in the
discretion of said court may be proper; provided that
in no case shall the Commissioners' Court or any member
thereof attempt to influence the appointment of any
person as deputy, assistant or clerk in any office.
Upon the entry of such order the officers applying for
such assistants, deputies or clerks shall be authorized
to appoint them; provided that said compensation shall
not exceed the maximum amount hereinafter set out.
The compensation which may be allowed to the deputies,
assistants or clerks above named for their services
shall be a reasonable one, not to exceed the following
amounts:

"1. In counties having a population of twenty-five
thousand (25,000) or less inhabitants, first assistant
or chief deputy not to exceed Eighteen Hundred ($1800.00)
Dollars per annum; other assistants, deputies or clerks
not to exceed Fifteen Hundred ($1500.00) Dollars per
annum each.

"1-a. In counties having a population of twenty-
five thousand (25,000) inhabitants or less, according
to the last preceding Federal Census, and whose tax
values exceed One Hundred Million Dollars ($100,000,000),
according to the last approved tax rolls, the first
assistant to the Tax Assessor and Collector and the first

assistant to the County Clerk may each receive an annual
salary of not to exceed Three Thousand Dollars ($3,000)
per annum, and the cashier to the Tax Assessor and Col-
lector and the County Clerk may each receive an annual
salary of not to exceed Two Thousand, Four Hundred
Dollars ($2,400) per annum. The Tax Assessor and Col-
lector shall designate in addition to the first assistant
and cashier, two heads of departments, one to be in charge
of assessing and one to be in charge of collecting in
such counties, who may receive an annual salary of not
to exceed Two Thousand, Four Hundred Dollars ($2,400)
per annum, and any additional assistants, deputies or
clerks to the Tax Assessor and Collector or the County
Clerk may receive an annual salary of not to exceed
One Thousand, Eight Hundred Dollars ($1,800) per annum."

If we are correct as to our understanding of the
assessed tax valuation and the population of Parker County,
as above mentioned, then you are advised that under the pro-
visions of said Art. 3902, the compensation which legally may be
allowed to the deputies of the Tax Assessor and Collector of
Parker County cannot exceed the following named amounts: (a)
first assistant, or chief deputy, $1800. per annum; (b) other
deputies, not to exceed $1500. per annum each.

You are further advised that the salaries of deputies
in the office of the Tax Assessor and Collector may not be in-
creased above the maximum allowed by law for their salaries by
the device of paying them any additional compensation out of the
expense account of the office, or from any other source, or by
any other device.

If Parker County has a population as indicated above,
then Parker County officers are on a salary basis. In counties
wherein the county officers are paid on a salary basis, the disposi-
tion of their fees is governed by the provisions of Art. 3912e.
The Article mentioned is lengthy and we shall not set it out in
full here, as you of course have access to it. But we point out
this portion of Sec. 1, of said article, same being especially
pertinent to your question as to whether or not the deputies of
the Assessor could be paid increased compensation from the "expense
account" of said office. Said Sec. 1, in part, is as follows:

"No district officer shall be paid by the State
of Texas any fees or commission for any service per-
formend by him; nor shall the State or any county pay
to any county officer in any county containing a popula-
tion of twenty thousand (20,000) inhabitants or more
according to the last preceding Federal Census any fee
or commission for any service by him performed as such
officer; provided, however, that the assessor and
collector of taxes shall continue to collect and retain
for the benefit of the Officers' Salary Fund or funds
hereinafter provided for, all fees and commissions
which he is authorized under law to collect; and it
shall be his duty to account for and to pay all such
monies received by him into the fund or funds created
and provided for under the provisions of this Act;
. . .

". . . .

"Sec. 5. It shall be the duty of all officers
to charge and collect in the manner authorized by law
all fees and commissions which are permitted by law
to be assessed and collected for all official service
performed by them. As and when such fees are collected
they shall be deposited in the Officers' Salary Fund,
or funds provided in this Act. In event the Commissioners'
Court finds that the failure to collect any fee or com-
mission was due to neglect on the part of the officer
charged with the responsibility of collecting same, the
amount of such fee or commission shall be deducted from
the salary of such officer. . . . "(Emphasis added)

It is quite plain that under provisions of the law just
referred to, all the moneys which come into the hands of the tax
assessor and collector by way of fees and commissions are disposed
of and must be strictly accounted for, by that officer.

Any payment out of any "expense account" to any deputy
by way of salary would not only be an evasion of the law, but would
be a direct violation thereof.

Hon. Nolan Queen, p. 5


On August 16, 1943, we addressed a letter to you, requesting citation to the statute mentioned in the first paragraph of your request, copied above, but have received no reply thereto. Since we have been unable to find the statute referred to, we have concluded to base our opinion upon the general statutes cited above.

Our answers to both of your questions are in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By /s/    George P. Blackburn
                    Assistant


GPB:amm:bbh

APPROVED SEPT. 1, 1943
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By -B.W.B., Chairman